UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  File No.  1:05-CR-11

v.

                                                  HON. ROBERT HOLMES BELL

AARON MOSES COBBS, III,

        Defendant.
                                        /

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Aaron Moses Cobbs III's motion in limine seeking to exclude the expert opinion testimony of Lt. Det. Kipling Belcher pursuant to FED. R. EVID. 402, 403, and 702. Defendant has been charged in a multiple count indictment with knowingly and intentionally possessing with intent to distribute crack cocaine, conspiracy to distribute and possess with intent to distribute over 5 grams of crack cocaine, and knowing possession of a firearm in furtherance of a drug trafficking crime.

Lt. Belcher is a member of the Traverse Narcotics Team.  The Government has informed Defendant and his counsel of its intention to call Lt. Belcher as an expert witness concerning his knowledge of the materials drug traffickers employ as "tools of the trade." Defendant contends that Lt. Belcher's testimony should be excluded because it will not assist the jury in understanding the evidence or in determining a fact in issue.  Specifically, Defendant argues that Lt. Belcher's specialized knowledge regarding the relationship

between guns and drug trafficking activity will not assist the jury in determining if Defendant used a gun in furtherance of a drug trafficking crime in this case.

The admission of expert testimony is a matter within the broad discretion of the Court. *See*, *e.g.*, *United States v. Jones*, 107 F.3d 1147, 1151 (6th Cir. 1997). The testimony of a properly qualified expert is generally admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. The Sixth Circuit has consistently held "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes. Knowledge of such activity is generally 'beyond the understanding of the average layman.'" *United States v. Pearce*, 912 F.2d 159, 163 (6th Cir. 1990) (quoting *United States v. Espinosa*, 827 F.2d 604, 611 (9th Cir. 1987)); *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004) ("Our court regularly allows qualified law enforcement personnel to testify on characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman.") (quoting *United States v. Thomas*, 99 Fed. Appx. 665, 668-69 (6th Cir. 2004) (citation omitted). This is consistent with the view of other Circuits that have addressed the issue. *See*, *e.g.*, *United States v. Barrow*, 400 F.3d 109 (2d Cir. 2005); *United States v. Placensia*, 352 F.3d 1157 (8th Cir. 2003); *United States v. Hopkins*, 310 F.3d 145 (4th Cir. 2002); *United States v. Penny*, 60 F.3d 1257 (7th Cir. 1995); *United States v. Espinosa*, 827 F.2d 604, 612 (9th Cir. 1987).

The Sixth Circuit's decision in *Swafford* is instructive on this case. Similar to Defendant in this case, the defendant in *Swafford* was charged with possession of a firearm in furtherance of a drug offense. 385 F.3d at 1028. On appeal, defendant argued that the district court erred by admitting a DEA agent's expert testimony that a gun was possessed in furtherance of a drug offense. *Id*. at 1029. The court held that the district court did not err in allowing expert testimony regarding the role of firearms in drug trafficking activity. 385 F.3d at 1030. The court expressly relied on cases from this circuit as well others holding that expert testimony on the relationship between weapons and drug trafficking is admissible. (citing *Thomas*, 99 Fed. Appx. at 669; *United States v. Allen*, 269 F.3d 842, 845-46 (7th Cir. 2001) (upholding admission of police expert testimony that drug dealers commonly keep weapons for protection of themselves and their drugs); *United States v. Jackson*, 67 F.3d 1359, 1366 (8th Cir. 1995) (same); *Pearce*, 912 F.2d at 163 (holding that police officer's testimony that handguns found in a suspicious building were typical of guns found in crack houses was permissible)). *See also United States v. Pugliese*, 712 F.2d 1574, 1582 (2d Cir. 1983) (collecting cases where courts have permitted expert testimony regarding "aspects of narcotics transactions that are unlikely to be within the knowledge of the average layman.").

Thus, Lt. Belcher's specialized knowledge regarding the tools of the drug trafficking trade, including firearms is admissible because it will assist the jury on a subject that is beyond the general knowledge of an average person. *Swafford*, 385 F.3d at 1030; FED. R. EVID. 702. Moreover, testimony regarding the materials used in drug trafficking is clearly

relevant to the drug and weapons charges that Defendant faces. Therefore, Defendant's motion in limine is denied.

This denial, however, is without prejudice. While *Swafford* makes clear that police expert testimony on the role of firearms in drug trafficking activity is permissible, the Court cannot definitively rule on whether Lt. Belcher can offer his expert interpretation in this case until the Government produces evidence to the jury of the circumstances in which the various drug trafficking materials were found. Thus, Defendant may renew his motion during trial at such time as the Government has demonstrated the circumstances in which the firearms and other alleged drug trafficking materials were found. Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant's motion in limine (Docket #28) is **DENIED WITHOUT PREJUDICE**.


Date:     September 13, 2005            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE