UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AARON MOSES COBBS, III,

    Defendant.

_____/

No. 1:05-cr-11

Hon. Janet T. Neff
United States District Judge

### Government's Opposition to the Defendant's Motion to Terminate Supervised Release Term

Cobbs seeks early termination of his Supervised Release Term, pursuant to 18 U.S.C. § 3583(e)(1), arguing that termination is warranted by the conduct of the defendant and that termination is "in the interests of justice." The Court should deny the defendant's request for early termination of supervised because the defendant has not complied with the terms of his supervised release period, has not displayed sound judgment regarding his fine payment, and has misrepresented his employment situation to probation.

    **I.**    **Procedural and Factual Background**

On March 31, 2005 Defendant Aaron Cobbs, III, was indicted on seven criminal counts. (1:05-cr-00011, R.35: Indictment, ID#63). On September 28, 2005 a jury found Defendant Cobbs guilty of conspiracy to distribute five grams or more of cocaine base

(Count One), distribution of a mixture containing a detectable cocaine base (Counts Two and Three), possession with intent to distribute five grams or more of cocaine base (Count Four), possession of firearms in furtherance of drug trafficking crimes (Count Five), possession of a machine gun (Count Six), and possession of a firearm with an obliterated serial number (Count Seven). (R.86: Verdict Form, ID#208-10). The sentence imposed was ninety-seven (97) months for each of Counts 1-4, 6; and sixty (60) months imposed for Count 7, all to be served concurrently. (R.90: Judgement, ID#236) In addition, the court imposed three-hundred and sixty (360) months for Count 5, served consecutively. *Id*.

On May 21, 2008 Defendant Cobbs filed a motion to vacate (2255), alleging ineffective assistance of counsel due to his attorney's failure to inform his client resulting in the refusal of a plea offer made by the government. (1:08-cv-00471, R.1: Motion to Vacate, ID#1-5). The district court agreed, and on April 17, 2009, remanded the case for trial. (R.17: Order, ID#87). The government offered the same plea agreement as it had in the earlier proceeding, and Defendant Cobbs accepted. (1:05-cr-00011, R.137: Plea Agreement, ID#869-75). On November 11, 2010 the district court sentenced Defendant Cobbs to sixty (60) months custody on Count 1, fifty-seven (57) months custody on Count 6, to be served concurrently with Count 1, and sixty (60) months custody om Count 5, to be served consecutively. (R.139: Plea and Sentencing, ID#878). The court dismissed the remaining counts on motion by the government. *Id*.

In addition to custody, the court imposed a four (4) year term of supervised release imposed by the court. Id. The defendant began supervised release on July 18,

2

2014 and has now served 32 out of his 48 months, with sixteen (16) months remaining. On March 29, 2017, Defendant Cobbs filed a motion to terminate his Supervised Release Term. (R.149: Motion to Terminate SV, ID#897). This court ordered the government to consult with Defendant's probation officer and file a response to defendant's motion. (R.151: Order to Respond, ID#908).

## II.     Legal Standard

A district court has discretion whether to terminate an individual's term of supervised release before the expiration of the term under 18 U.S.C. § 3583(e). *United States v. Atkin*, 38 Fed. Appx. 196 (6th Cir. 2002); *see United States v. Lussier*, 104 F.3d 32, 36 (2d. Cir. 1997).

18 U.S.C. § 3583(e) states that the court:

> may, after considering the factors set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),     (a)(4), (a)(5), (a)(6), (a)(7)-
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice....

The plain language of the statute illustrates that § 3583(e) requires a court to review both the conduct of the movant as well as the interest of justice in this case. *United States v. Suber*, 75 Fed. Appx. 442, 444 (6th Cir. 2003). "The language of the statute notes that the district court "may" terminate supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* However, the conjunction "and" indicates that a district court must conclude that the

3

early termination warranted both by the individual's conduct *and* by the interest of justice. *Id.* (emphasis added). The phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period. *United States v. Suber*, 75 Fed. Appx. 442 (*citing United States v. Pregent*, 190 F.3d 279, 282 (4th Cir.1999)).

Defendant Cobbs, as the party receiving the benefit, bears the burden of demonstrating the appropriateness of early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006). "Model prison conduct and full compliance with the terms of supervised release is what is expected of [a] defendant and all others serving terms of imprisonment, and does not warrant early termination." *United States v. Weintraub*, 371 F. Supp. 2d 164, 166-67 (D. Conn. 2005). Early termination may undermine the progress demonstrated by a compliant supervisee. *See United States v. Smith*, 219 F. App'x 666, 668 (9th Cir. 1007). Therefore, "unblemished" conduct during supervised release alone cannot be sufficient reason to terminated supervised release. *United States v. McKay*, 352 F. Supp. 2d 359 (E.D.N.Y. 2005) (*citing United States v. Medina*, 17 F. Supp. 2d 245 (S.D.N.Y. 1998).

### III. Reasons for Opposition

Probation Officer Emily Yoder is Defendant Cobbs' probation officer. Officer Yoder has offered the following factual background regarding Defendant Cobbs' term of supervised release:

4

    A. Positive Factors cited by Officer Yoder include that Defendant Cobbs has maintained a stable residence and employment. Defendant Cobbs also has a wage assignment ordered, which he does pay monthly.

    B. However, while it is correct that the defendant has a wage assignment ordered and makes monthly payments on his fine, Defendant Cobbs has opened an excessive amount of credit cards in his name. While technically not a violation, this does not show good judgment on the part of the defendant when he still owes $6175 on his fine.

    C. Defendant Cobbs has also represented to probation that he has been working the required 30-32 hours per week. However, probation's review of his file shows that he has only worked 28 hours a week. This does not reflect serious effort on the part of the defendant to pay the fine.

    D. In addition, Defendant Cobbs has a special condition to maintain full-time employment during supervised release. While probation permitted Defendant Cobbs to work less hours while also in school, he should have begun working more hours since the completion of his schooling.

    E. Officer Yoder's conclusion is that Defendant Cobbs is doing the bare minimum to get through supervised release, and that rewarding him with early termination would inconsistent with the purposes of supervised release.

The government opposes early termination in the case of Defendant Cobbs because his mere compliance with the conditions of supervised release do not meet the

standards for early termination. That Defendant Cobbs would "receive[] no infractions or violations of supervision" is expected of him. (R.149: Motion to Terminate SV, ID#901). However, Defendant Cobbs has not, as he alleges, fully complied with every condition thereof, as he has not maintained full-time employment as required, and has misrepresented the hours he has worked to Probation Officer Yoder. Therefore, Defendant Cobbs has not fully complied with the conditions of supervised release, which cuts against the § 3553(a)(2)(d) factor he cites as satisfied, as requiring full-time employment and continued compliance with supervised release would facilitate his re-entry to society. (R.149, ID#901).

In addition, while the defendant claims that his compliance with the payment plan lends itself towards the satisfaction of § 3553(a)(7), that Defendant Cobbs is only working part-time while devoting resources to credit card debt rather than his ongoing duty to repay the justice system highlights that he has not taken restitution seriously. *Id*. Bare minimum compliance is not itself a basis for early termination and Defendant Cobbs' failure to take the payment of his fine seriously makes early termination inappropriate. *Id*; *see also* (1:05-cr-00011, R.140 Judgment, ID#882).

Finally, Defendant Cobbs argues that his case for early termination is similar to that of *United States v. Dottery*, and that being similar, this court should reach a similar result. (R.149, ID#901 (arguing that Cobbs should be a good candidate for early termination due to similarities between him and Dottery)). However, the two cases are not similar. The Defendant's probation officer in *Dottery* reported that the defendant had maintained full employment. (1:15-pt-00018, R.8: Government's Response, ID#52).

6

This stands in contrast to Defendant Cobbs, who has both misrepresented the hours he has worked and failed to comply with the full-time work requirement of supervised release. The defendant in *Dottery* had also satisfied all financial obligations associated with supervised release.[1] Unlike Dottery, Defendant Cobbs has not shown a similar commitment to repaying his financial obligations to society, opening up credit cards in his own name rather than increasing payments on his fine. In addition, Dottery's employment success was significantly more impressive than Defendant Cobbs.

Defendant Cobbs' case is therefore significantly different from Defendant Dottery's, and no disparity would be created between the two cases were early termination to be denied.

## IV. Conclusion

For the reasons stated above, the Court should deny the defendant's motion for early termination of supervised release.

Respectfully submitted,

ANDREW BYERLY BIRGE
Acting United States Attorney

Dated: April 21, 2017

/s/Timothy P. VerHey
TIMOTHY VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 808-2058

On-Brief: Jeffrey Van Erp, Legal Intern

---

[1] Dottery was required to pay a special assessment, but no fine or restitution.