UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                     Case No.:  1:05-CR-00011

          Plaintiff,

                     Hon. Janet T. Neff
      vs.                  U.S. District Judge

AARON MOSS COBBS, III,

          Defendant.

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO TERMINATE SUPERVISED RELEASE

The United States opposes the defendant's request for early termination of supervision.  According to his supervising officer, he has consistently refused to work or engage in community service despite being repeatedly told to do so.  This conduct should not be rewarded.

This matter is governed by 18 U.S.C. § 3583(e)(1), which empowers the Court to terminate a term of supervision after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest in justice."  As suggested by this language, this decision is discretionary.  *United States v. Perotti*, 702 Fed. App'x. 322, 324 (6th Cir. 2017).

This is the defendant's second attempt to be end supervision.  (R. 149: Motion for Early Termination of Supervised Relapse, ID#897-905.)  As stated in its response to his first effort, the Court should bear in mind that Cobbs is already the beneficiary of an

extraordinary benefit in this case.  When first charged, Cobbs went to trial and was

convicted of drug trafficking and associated firearms violations.  This resulted in a

sentence of 457 months, a severe sentence that was largely driven by the fact that Cobbs

possessed a machinegun in furtherance of his crack cocaine operation.  (R. 86: Verdict

Form, ID#208-10; R. 90: Judgment, ID#236.)  Cobbs brought a 2255 action alleging that

his attorney did not advise him of a plea offer made prior to trial, and it was successful.

Although no part of the 2255 action related to the proof against him, or the validity of

the sentence imposed, the government extended the same plea offer that was made

prior to his trial, and Cobbs accepted it.  This resulted in a sentence of 120 months,

followed by supervision of four years.  (R. 140: Judgment, ID#879.)

Cobbs began his period of supervision on July 18, 2014.  It is due to expire in

July, 2018 unless he violates its terms.  He is on administrative supervision, meaning

that he is only required to submit forms demonstrating his compliance with his release.

Despite his astonishing good fortune, Cobbs  has chosen not to comply with the very

minimal terms of his supervision.

On September 28, 2017, Officer Yoder, Cobbs' probation officer, met with Cobbs

and told him that he was required him to hold a job or do community service consisting

of 10 hours a week.  Cobbs, who was enrolled in nine credit hours of classes at a local

community college, opted for community service and promised to comply.  On

December 5, 2017, Yoder contacted Cobbs when he did not send in a log of his

community service hours as required.  The defendant advised Yoder that he had never

started.  She again instructed him to do what he had promised, and community service

was again arranged. Instead, the defendant then filed the present action to terminate

his supervision. (R. 154: Second Motion to Terminate Supervision, ID#917-921.)

All of this demonstrates that Cobbs is not the exceptional defendant who should

be rewarded with early termination of supervision. Instead, he should be ordered to

comply with all of the conditions of his minimal supervision until they are completed,

or risk facing a petition for violating his conditions of release.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 11, 2018

*/s/Timothy P. VerHey*
TIMOTHY VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, the foregoing document was
electronically filed. Notice of this filing will be sent by operation of the Court's
electronic filing system to all parties indicated on the electronic filing receipt. Parties
may access this filing through the Court's system.

I further certify that a copy of the foregoing document was mailed on this date
to:

AARON MOSES COBBS
914 Center Street
South Haven, MI 49090

*/s/Timothy P. VerHey*
TIMOTHY VERHEY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208